**SHAO HONG CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondent.**

No. 05–4823–ag.

United States Court of Appeals, Second Circuit.

May 11, 2006.

David Bredin, New York, New York, for Petitioner.

Edward L. McElroy, United States Attorney, Southern District of New York, Sean Cenawood, Assistant United States Attorney, New York, New York, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 11th day of May, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be DENIED.

Shao Hong Chen, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming Immigration Judge ("IJ") Alan Vomacka's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

In this case, the IJ correctly made an adverse credibility finding against Chen, which is supported by substantial evidence in the record. The IJ correctly found that versions of Chen's story contained in his credible fear interview, asylum application, and hearing testimony were inconsistent, and that Chen had failed to provide plausible explanations for these discrepancies. Specifically, the IJ properly found significant inconsistencies in Chen's description of the events that caused him to flee China. For example, the IJ correctly found that, during his credible fear interview, Chen asserted that he had been practicing Falun Gong at the house of his friend, and that three police officers had come into the house, looked at Chen but did not speak to him, ran past him and arrested his friend. By contrast, the IJ properly found that in both Chen's asylum application and at his hearing, Chen had claimed that he had been in the bathroom when he had seen a police car driving by, and that he had escaped out the bathroom window unseen when police burst into the home and arrested the three fellow practitioners who had been present. The IJ correctly found that Chen had been unable to satisfactorily explain these inconsistencies at the hearing.

Because the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003). Moreover, the IJ correctly found that Chen had failed to establish that it was more likely than not that he would be subjected to torture if returned to China, and, accordingly, correctly denied his CAT claim.

For the foregoing reasons, the petition is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). Any other motions that may be outstanding are also DENIED as moot.